**Michael Earl WATERS,**
**Plaintiff–Appellant,**

v.

**CITY OF CULVER CITY; Brotman Medical Center, Inc.; Don Pedersen; Adam Treanor; Jesse Butler; Scott Narimatsu, Defendants–Appellees.**

No. 12–55585.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2013 *.

Filed Nov. 12, 2013.

Olu K. Orange, Esquire, Orange Law Offices, Los Angeles, CA, for Plaintiff–Appellant.

Steven Joseph Rothans, Esquire, Justin Reade Sarno, Esquire, Carpenter, Rothans & Dumont, Judith M. Tishkoff, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Michael Earl Waters appeals the district court's dismissal of his 42 U.S.C. § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6). He contends that the district court erred in concluding that defendants Brotman Medical Center ("Brotman") and Dr. Narimatsu were not "state actors."

To state a § 1983 claim, Waters must allege not only that Brotman and Narimatsu were state actors, see George v. Pacific–CSC Work Furlough, 91 F.3d 1227, 1230 (9th Cir.1996) (per curiam), but also that they acted with "deliberate indifference" in their failure to provide him adequate medical treatment, see Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241, 1244 (9th Cir.2010). We need not reach the state action issue because Waters has not adequately alleged deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Because dismissal of the § 1983 claim was proper, we do not disturb the district court's decision to decline to exercise supplemental jurisdiction over Waters's state law claims against Brotman and Narimatsu. 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.